O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D.L. McKENZIE, | ) | Case No. CV 14-4919 CAS(JC) |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| E. VALENZUELA, | ) ) | |
| Respondent. | ) ) | |

**I.   SUMMARY**

On June 25, 2014, petitioner D.L. McKenzie ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition"). The Current Federal Petition challenges a state judgment entered in 1999 following a jury trial in Los Angeles County Superior Court in Case No. GA037284 (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. Pertinent State Proceedings

On or about July 28, 1999, a Los Angeles County Superior Court jury found petitioner guilty of attempted murder, two counts of second degree robbery, two counts of assault with a firearm, possession of a gun by a felon, and possession of a concealed gun by a felon. On or about September 23, 1999, the state court sentenced petitioner to 147 years and eight months to life in state prison. On July 2, 2001, the California Court of Appeal affirmed the judgment. On October 10, 2001, the California Supreme Court denied review.

On October 21, 2013, petitioner formally filed a habeas petition in the California Supreme Court in Case No. S214173. On January 29, 2014, the

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]The facts and procedural history set forth in this section are derived from court records in the Central District of California (CDCA) and the Ninth Circuit in the following cases of which this Court takes judicial notice: (1) Desmond L. McKenzie v. George M. Galaza, CDCA Case No. CV 02-7897 CAS(SGL) ("First Federal Petition" or "First Federal Action"); (2) Desmond L. McKenzie v. Bill Lockyer, et al., CDCA Case No. CV 03-1679 CAS(SGL) ("Second Federal Petition" or "Second Federal Action"); (3) Desmond Lee McKenzie v. George M. Galaza, et al., CDCA Case No. EDCV 04-1583 TJH(DTB) ("Third Federal Petition" or "Third Federal Action"); (4) Desmond L. McKenzie v. John Marshall, CDCA Case No. CV 09-5169 CAS(JC) ("Fourth Federal Petition" or "Fourth Federal Action"); (5) D.L. McKenzie v. E. Valenzuela, CDCA Case No. 14-4919 CAS(JC) ("Current Federal Petition"); (6) Desmond Lee McKenzie v. George M. Galaza, et al., Ninth Circuit Case No. 06-55926 ("First Ninth Circuit Action"); (7) Desmond L. McKenzie v. John Marshall, Ninth Circuit Case No. 09-72824 ("Second Ninth Circuit Action"); and (8) Desmond Lee McKenzie v. George M. Galaza, et al., Ninth Circuit Case No. 12-56179 ("Third Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

California Supreme Court denied the habeas petition with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998), In re Clark, 5 Cal. 4th 750, 797-798 (1993), People v. Duvall, 9 Cal. 4th 464, 474 (1995), In re Waltreus, 62 Cal. 2d 218, 225 (1965) and In re Dixon, 41 Cal. 2d 756, 759 (1953).

### B. First Federal Action

On October 10, 2002, petitioner constructively filed the First Federal Petition, challenging the judgment in the State Case. On October 15, 2002, the District Court summarily dismissed the First Federal Action without prejudice based upon petitioner's complete failure to exhaust available state remedies. The record does not reflect that petitioner appealed.[3]

### C. Second Federal Action

On March 10, 2003, petitioner filed the Second Federal Petition, challenging the judgment in the State Case. On August 1, 2003, the Magistrate Judge issued a Report and Recommendation recommending that the Second Federal Petition be denied and that the Second Federal Action be dismissed without prejudice based upon petitioner's failure to completely exhaust available state remedies. On September 10, 2003, the District Judge adopted the Report and Recommendation. On September 12, 2003, judgment was entered denying the Second Federal Petition and dismissing the Second Federal Action without prejudice. The record does not reflect that petitioner appealed.[4]

### D. Third Federal Action (Part I) and First Ninth Circuit Action

On December 22, 2004, petitioner filed the Third Federal Petition, challenging the judgment in the State Case. On December 14, 2005, the Magistrate Judge issued a Report and Recommendation recommending that the Third Federal

---

[3] A search of the court's PACER system reflects no activity by petitioner in the Ninth Circuit appealing the dismissal of the First Federal Action.

[4] A search of the court's PACER system reflects no activity by petitioner in the Ninth Circuit appealing the dismissal of the Second Federal Action.

Petition be denied as untimely and that the Third Federal Action be dismissed with prejudice. On or about January 12, 2006, the District Judge adopted the Report and Recommendation. On January 13, 2006, judgment was entered denying the Third Federal Petition and dismissing the Third Federal Action with prejudice. On or about June 16, 2006, the District Court denied petitioner's request for a certificate of appealability.

Petitioner filed a notice of appeal and requested that Ninth Circuit issue a certificate of appealability in the First Ninth Circuit Action. On December 21, 2006, the Ninth Circuit denied the request for a certificate of appealability.

### E.   Fourth Federal Action and Second Ninth Circuit Action

On July 16, 2009, petitioner filed the Fourth Federal Petition, again challenging the judgment in the State Case. On July 23, 2009, the Magistrate Judge issued a Report and Recommendation recommending that the Fourth Federal Petition be denied for lack of jurisdiction as it was successive, that the Fourth Federal Action be dismissed without prejudice, and that the Clerk of the Court be directed to refer the Fourth Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a). See supra note 1. On August 26, 2009, the District Judge adopted the Report and Recommendation. On August 27, 2009, judgment was entered denying the Fourth Federal Petition and dismissing the Fourth Federal Action without prejudice. On September 1, 2009, the Fourth Federal Petition was transmitted to the Ninth Circuit. The record does not reflect that petitioner appealed.[5]

On or about September 2, 2009, the Ninth Circuit opened the Second Ninth Circuit Action involving consideration of petitioner's application to file a second or successive petition. On November 17, 2009, the Ninth Circuit denied the

---

[5] A search of the court's PACER system reflects no activity by petitioner in the Ninth Circuit appealing the dismissal of the Fourth Federal Action.

application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the District Court.

### F. Third Federal Action (Part II) and Third Ninth Circuit Action

On January 4, 2011, petitioner filed a Motion for Relief under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) Motion") in the Third Federal Action. On September 22, 2011, the District Judge denied the Rule 60(b) Motion. The District Court subsequently denied petitioner's request for a certificate of appealability to appeal the denial of the Rule 60(b) Motion.

Petitioner filed a notice of appeal in the Third Ninth Circuit Action and requested that Ninth Circuit issue a certificate of appealability to appeal the denial of the Rule 60(b) Motion. On March 1, 2013, the Ninth Circuit denied the request for a certificate of appealability.

### G. Current Federal Action

As noted above, on June 25, 2014, petitioner formally filed the Current Federal Petition, again challenging the judgment in the State Case. The record affirmatively reflects that in the Second Ninth Circuit Action, the Ninth Circuit denied petitioner leave to file a successive petition in the District Court. The record does not reflect that petitioner has since obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[6]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive

---

[6] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds

1 constitutes disposition on the merits rendering subsequent petition "second or
2 successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc.,
3 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on
4 the merits) (citations omitted).

5     Petitioner's Third Federal Petition was denied as untimely – a determination
6 which the Ninth Circuit has deemed to constitute a disposition on the merits. See
7 McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition, like the
8 Fourth Federal Petition, is successive. Since petitioner filed the Current Federal
9 Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction
10 to consider it.

11 **IV. ORDER**

12     IT IS THEREFORE ORDERED that the Current Federal Petition is denied
13 and this action is dismissed without prejudice. The Clerk of the Court is directed
14 to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit
15 Rule 22-3(a).

16     IT IS SO ORDERED.

18 DATED:    July 7, 2014

20 _____
21     HONORABLE CHRISTINA A. SNYDER
    UNITED STATES DISTRICT JUDGE